```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION


reFX AUDIO SOFTWARE INC.,           )
                                    )
        Plaintiff,                  )
                                    )
                                    )
     v.                             )  Case No.1:13-cv-940
                                    )
DOES 1-141,                         )
                                    )
        Defendants.                 )
                                    )
```

MEMORANDUM OPINION AND ORDER

Plaintiff reFX Audio Software Inc. ("reFX"), a creator of audio software, filed suit against 141 unnamed defendants, alleging a claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., contributory copyright infringement, and civil conspiracy seeking damages and injunctive relief. Plaintiff claims that defendants illegally reproduced and distributed Plaintiff's copyrighted ROM synthesizer-plugin software program by means of interactive "peer-to-peer" file transfer technology protocol called BitTorrent. On February 19, 2013, Plaintiff obtained an *ex parte* expedited discovery order granting its motion for leave to take discovery prior to Rule 26(f) conference.  On May 2, 2013, Plaintiff served a subpoena duces tecum on SBC Internet Services LLC d/b/a AT&T Internet

1

Services ("AT&T") seeking personally identifiable information of 141 internet subscribers. AT&T objects to the subpoena on multiple grounds, including that the joinder of the 141 Doe defendants is not proper and that the request creates an undue burden. For the reasons that follow, I deny Plaintiff's motion to compel and sever all defendants from the case except for Doe #1.

I.

According to Plaintiff, its product, Nexus 2, which allows users to manipulate over 1,000 distinctive "factory" preset sounds and music, has been unlawfully downloaded and then further uploaded without Plaintiff's permission by the 141 Doe defendants. To identify the Does, Plaintiff employed an investigator who determined the internet protocol ("IP") addresses, times of upload and internet service providers ("ISP") for each Doe defendant. Plaintiff claims that an ISP can use that information to identify the account holder of the IP address from which the illegal upload occurred. Plaintiff argues that without the identification information from the ISP, it would be impossible for rights holders to protect against infringers.

Defendants' alleged infringement occurs through the BitTorrent system, which has been described as follows:

> BitTorrent is a software protocol that facilitates
> the practice of peer-to-peer file sharing used to

> distribute large amounts of data over the internet.
> To share information using BitTorrent, an initial
> file-provider ("seeder") elects to share an initial
> file, called a 'seed,' with a torrent network. The
> file to be distributed is divided into segments
> called 'pieces.' Other users ("peers") intentionally
> connect to the seed to download it. As each peer
> receives a new piece of the file, the peer also
> immediately becomes a source of that piece for other
> peers, relieving the original seeder from having to
> send that piece to every peer requesting a copy.
> This is the key difference between BitTorrent and
> earlier peer-to-peer file sharing systems:
> 'BitTorrent makes file sharing a cooperative
> endeavor.'

*Malibu Media, LLC v. John Does 1-49,* No. 12-CV-6676, 2013 WL 4501443, at *1 (N.D. Ill. Aug. 22, 2013) (quoting *The Case Against Combating BitTorrent Piracy Through John Doe Copyright Infringement Lawsuits*, 111 Mich. L.Rev. 283, 290 (2012)). Cases involving the BitTorrent technology have proliferated through this district in the past few years, and there currently exists a divide among the district courts about whether the joinder of defendants whose illegal activity occurred through the BitTorrent technology is proper under Fed. R. Civ. P. ("Rule") 20. AT&T argues that the motion should be denied under both Rule 45 and Rule 20.

**Objections Under Rule 45**

Rule 45, which governs subpoena practice, provides four grounds under which a non-party may quash a non-party may quash a subpoena, including where a party "(i)fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor

a party's officer to travel more than 100 miles from where the person resides, is employed, or regularly transacts business in person . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). AT&T has cited undue burden as a basis for objecting to the subpoena. Specifically, AT&T argues that the "mass Doe" cases like this impose an undue burden on ISPs like AT&T, as well as on the public and judiciary. It urges that because "the underlying action is improper, *any* burden on a third party to disclose the identity of its customers is an undue burden." Mem. Opp. Mot. Compel. [#28] at 27. The undue burden AT&T cites includes "not only the legal resources associated with handling subpoenas, and the personnel time associated with performing IP address research, but also the personnel hours and expenses required to notify and respond to inquiries from subscribers." *Id.* at 28 n. 19. Plaintiff urges that the burden AT&T must shoulder in looking up IP addresses is justified to prevent defendants from continued infringement of its valid copyrights. It argues that without an order compelling AT&T to produce the information requested defendants will continue to distribute its copyrighted material illegally and AT&T "will become a safe haven for individuals who wish to steal others' copyrighted works." Plt. Reply In Supp. [#31] at 3.

4

To be sure, the burden of satisfying a subpoena for a single defendant is magnified when the subpoena seeks information for 141 defendants.  Enlisting legal personnel to gather the information and contact subscribers no doubt creates a burden, and AT&T makes a compelling case that gathering contact information for 141 separate subscribers renders that burden undue.

AT&T also argues that Plaintiff has not established good cause for the discovery it seeks.  It points out that Plaintiff has failed to establish a connection between the copyright registrations attached to the Complaint and any particular item of software alleged to have been infringed because Plaintiff's investigator's declaration suggests only that "some unspecified version of some unspecified item of Plaintiff's software" was illegally downloaded. Plaintiff failed to address this argument in its Reply, and I find that the link between the copyrighted material and the alleged infringement is sufficient to withstand a good cause attack.  Plaintiff's allegations, however, are *not* sufficient to withstand the improper joinder challenge as discussed below.

**Objections Based On Improper Joinder**

In the remainder of its objections, AT&T argues, as scores of other ISP providers have in similar cases, that it should not be compelled to produce the information because the joinder of

5

the Doe defendants is improper under Rule 20. Under Rule 20, defendants may be joined in one action provided that "(A) any right to relief is asserted against the jointly, severally, or ... arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law and fact common to all defendants will arise in the action." Rule 20(a)(2). AT&T argues that Plaintiff cannot show either prong of Rule 20 since participation in a common BitTorrent does not constitute the same transaction or series of transactions and the questions of law and fact will differ for each defendant. Thus, AT&T urges this Court to follow district courts that have dismissed all but Doe #1 from the litigation, forcing plaintiffs to file one case per defendant and pay a filing fee for each. *See e.g., TCYK, LLC v. Doe,* No. 13-cv-3828, 2013 U.S. Dist. LEXIS 88402 (N.D. Ill. Jun. 24, 2013) (Guzman, J.) (dismissing all but one Doe defendant "without prejudice to plaintiff suing them individually"); *Malibu Media, LLC v. John Does 1-21,* 2013 WL 2458290 (Reinhard, J.) (ordering that all but one Doe defendant be severed from the action).

To support its argument, AT&T characterizes the trend in this district as one that increasingly disallows the aggregate defendant or "packaging defendant" suits. It cites opinions holding that participation in a common BitTorrent swarm is an insufficient basis for joinder of multiple Does. *See e.g.,*

6

*Lightspeed v. Does 1-1000*, No. 10-cv-5604, 2011 WL 8179131 (N.D. Ill. Mar. 31, 2011)(Manning, J.) (finding joinder inappropriate in BitTorrent context); *CP Prods., Inc. v. Does*, No. 10-cv-6225, 2011 WL 737761 (N.D. Ill. Feb. 24, 2011) (Shadur, J.) ("It would constitute a real stretch of the meaning of language for [the plaintiff] to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate claims into a single lawsuit."). AT&T argues that these decisions support its argument that the "swarm joinder theory fails the first prong of Rule 20 because participation in a swarm does not constitute a single transaction or occurrence, or series of transactions or occurrences," Mem. Opp. Mot. Comp. [#28] at 20, chiefly because the time span in which the defendants allegedly participated in the swarm is too long.

Here, according to the chart attached to the Declaration of Plaintiff's investigator, the Doe defendants participated in the swarm that allegedly infringed Plaintiff's copyright over a period of eight months (October 2012 to June 2013). Moreover, that chart demonstrates that there is minimal overlap among the 141 defendants, which frustrates Plaintiff's claim that participation in a swarm amounts to a single transaction or occurrence or series of transactions or occurrences. Plaintiff has not demonstrated that the 141 Doe defendants actually exchanged data with one another. As such, a Doe defendant "who

7

entered the swarm and left days, weeks or months before" a subsequent Doe's arrival cannot "fairly be said to have engaged in a transaction or series of transactions" with the later-arrived Doe defendant. *Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at * 12 (N. D. Ill. Mar. 7, 2013) (ordering, on the court's own motion, to sever all defendants where plaintiff failed to show that the Doe defendants "actually exchanged pieces of [the copyrighted works] with one another, relied on each others' activities, or otherwise paved the way for each others' success in the swarm"); *see also Malibu Media, LLC v. John Does 1-21,* No. 12 C 9656, 2013 WL 2458290, at *7 (N.D. Ill. Jun. 6, 2013) (Reinhard, J.) (granting defendants' motion to sever because "plaintiff's allegations that Does' participation in a swarm at some point over the course of over six weeks are not sufficient to establish that they acted in concert").

In this Circuit, there remains a split of authority on whether plaintiffs' claims against multiple defendants arise out of shared operative facts when each Doe defendant participates in a BitTorrent swarm, and both parties admit as much. While there are compelling arguments on both sides of this argument, the interests of judicial economy weigh in favor of severing all but Doe #1, allowing Plaintiff to file separate actions against the remaining Doe defendants. Here, Plaintiff alleges that the Doe defendants "acted in a collective and interdependent manner via

8

the Internet in the unlawful reproduction and distribution of Plaintiff's copyrighted ROM synthesizer-plugin software program by means of interactive 'peer-to-peer' ("P2P") file transfer technology protocol called BitTorrent." Compl. [# 1] at 2. That "collective and interdependent action" allegedly occurred over a period of eight months, which is too long to permit joinder in light of BitTorrent's primary feature: sharing material on an instantaneous basis. Further, Plaintiff has alleged that the suit against each defendant will involve "law or fact common to all defendants," but district courts are increasingly recognizing the logistical hurdles that could arise given that each defendant may raise its own defense, which would result a series of mini-trials for each.

This Court finds that the allegations in the complaint fail to establish that the Doe defendants' separate actions were part of the same "series of transactions" as required by Rule 20. The allegations only demonstrate that the Doe Defendants used BitTorrent to participate in a swarm that allowed them to download software. There is no further allegation that the Doe Defendants acted in a concerted manner to accomplish the illegal downloading. In *Reynolds*, 2013 WL 870618, at *11, Judge Kendall highlights the fundamental problem with using participation in a BitTorrent swarm as a justification for joinder:

> Despite its cooperative design, the BitTorrent's architecture alone does not compel the conclusion that anonymous defendants who download copies of the same file from the same swarm are engaged in a common transaction or series of transactions for the purpose of Rule 20(a)(2). Where a swarm continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart will actually exchange pieces of data. Furthermore, it is impossible for defendants who are not in a swarm coextensively to exchange any pieces of a file.

All that has been alleged here is that all 141 Defendants committed the same type of violation using BitTorrent, which is insufficient to link them together for the purposes of joinder.

Finally, "[i]t is well settled that the district court has wide discretion in deciding whether to dismiss a party as a defendant in a civil action." *Intercon Research Assoc's, Ltd. v. Dresser Industries, Inc.*, 696 F.2d 53, 56 (7th Cir. 1982). The Seventh Circuit has acknowledged that this discretion permits district courts to take factors other than those articulated in Rule 20 into account, such as whether joinder comports with the principles of fundamental fairness, or whether joinder prejudices a party. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Here, in light of the tenuous connection between the Doe defendants' activities and the alleged "concerted action," it would be fundamentally unfair to permit the joinder of all 141 Doe defendants.

III.

For the foregoing reasons, Plaintiff's motion to compel is denied, and each of the Defendants other than Doe #1 is severed from this action. The remaining Doe defendants 2-141 are dismissed without prejudice.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

**Dated:** October 28, 2013